Derbigny, J. 7
delivered the opinion of the r court. This case was already before this * upon an appeal claimed on the part of the . dant, aod the judgment of the interior court was affirmed. It is now brought up by the plaintiff, and the question arises whether a case already adjudicated upon, on the appeal of one of the parlies, can again be enquired into, on an appeal by the other. 6 Martin, 10.
To decide this question, the ancient laws of the country afford little assistance j for, as the *2 delay for appealing; was by them limited to five days, if both parties appealed, both complaints were before the appellate court at the same timé, . and the whole could be disposed of with a full consideration of the respective productions of the suitors. The act of 1813, organizing this court, has altered that mode of proceeding by granting two years to claim an appeal, and under it arises the present difficulty.
The general principle, which regulates the jurisdiction of courts of appeals, is that they have cognizance only of the subject matter of the appeal. Tiie party, dissatisfied with the judgment of the inferior court, prays for redress either against the whole judgment, or against such part of it as he conceives to be injurious to his rights. If he complains of the judgment only in part, the jurisdiction of the appellate court extends no further. — It is laid down in the Curia Phil, part 5. §. 4, n. 22, that the appeal claimed by one party avails the other en la ap-pelado, that is to say, that the subject matter of the appeal, may be revised and corrected, not only in favor of the appellant, but even in favor of (be appellee. If, therefore, after an adjudication of the court of appeals upon that subject, the appellee should, in his turn, attempt to bring the same matter before them, it would be *3 fust to consider the judgment as conclusive a- . t, ,, , gainst him. But if the appellee chooses to appeal from some part of the judgment, which was not submitted to the apellate court by his adversary, it appears to us that he has a right to be heard: for it is in fact a new subject, and, with respect to to the jurisdiction of the court of appeals, a new case.
In this particular instance, it is true that an. appeal has been claimed by the defendant generally. The question under that appeal was whether a contract of sale of the house of the defendant was valid and binding, and the court decided that it was. Bui a part of the plaintiff’s demand, to wit, the damages which he claimed, was not taken notice of in the judgment of the inferior court, and consequently, made no part of the subject submitted to the oourt of appeals. The plaintiff has therefore a right yet to pray for a decision of this court upon that separate point.
The damages here claimed are the rent of the house, since the day on which delivery ought to have been made, until possession/ was given/ The monthly rent which the house yielded, when let, was one hundred dollars. We think it just that the seller should account to the purchaser for that rent; since the day on which a tender *4 of the price of purchase was made, until the date of the judgment of this court on the first ap« peal.
Duncan for the plaintiff, Livingston for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court, confirmed by the former decision of this court, be so far corrected as to embrace the reut of the house sold by the defendant to the plaintiff, from the S9th day of July, 1818, to the 18th of January following, at the rate of one hundred dollars per month; and that accordingly the plaintiff do further recover from the defendant the sum of five hundred and sixty six dollars, with cdsts.